Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| KARLO DAVID CHACÓN<br><br>Demandante-Peticionario<br><br>V.<br><br>SHAROLINE CHACÓN MARTÍNEZ Y OTROS<br><br>Demandados-Recurridos | KLCE202201347 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Vega Baja<br><br>Caso Núm.: VB2022CV00232 (201 CD, CM, TR Y CR)<br><br>Sobre: DIVISIÓN O LIQUIDACIÓN DE LA COMUNIDAD DE BIENES HEREDITARIOS |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

El peticionario, Karlo David Chacón, solicita la revisión de la *Orden* en la que el Tribunal de Primera Instancia (TPI) requirió a las partes la presentación del avalúo de los bienes sujetos a partición, de lo contrario impondría una sanción económica, y de incumplir con el término, procedería a desestimar la demanda.

Transcurrido el término concedido a la parte recurrida sin que esta se expresara, procedemos a resolver.

**I**

Los hechos procesales pertinentes para resolver la controversia planteada son los siguientes.

El 31 de marzo de 2022, el peticionario presentó una *Demanda*[1] sobre división de bienes hereditarios contra la Sucesión Crucita Martínez Gómez, compuesta por Rafael Ángel Chacón, Sharoline Chacón Martínez, Lidina Chacón Martínez, Francisco

---

[1] Índice de apéndice, págs. 1-15.

Bravo (viudo de la causante) y el peticionario. El señor Karlo Chacón alegó que, como parte de los bienes de la causante, existe una propiedad inmueble, la cual contiene una edificación de dos niveles. Señaló que fue segregado el primer nivel de la estructura, siendo donado a favor del señor Rafael Chacón. A su vez, manifestó que el segundo nivel está arrendado, pero desde que falleció la causante, han dejado de pagar la renta. Finalmente, adujó que la parte recurrida tomó posesión del inmueble. Por lo tanto, solicitó al TPI la división del caudal hereditario y/o comunidad de bienes. A su vez, que los codemandados consignen el canon de arrendamiento desde la fecha que tomaron posesión del inmueble.

Luego de varias incidencias procesales, el 11 de agosto de 2022, el peticionario presentó *Moción en Solicitud de Anotación de Rebeldía.*[2] Expresó que ha transcurrido el término para que el señor Rafael Chacón y el señor Francisco Bravo presentaran alegación responsiva. Por consiguiente, solicitó les fuera anotara la rebeldía.

El 23 de agosto de 2022, la señora Sharoline Chacón y la señora Lidina Chacón presentaron *Contestación a Demanda.*[3] Entre las defensas afirmativas presentadas, reclamaron como crédito unos pagos realizados a una hipoteca de la causante, el saldo de una deuda con el CRIM y gastos para el mantenimiento de la propiedad, entre otras.

El 9 de septiembre de 2022, siendo notificada el 12 de septiembre de 2022, el TPI emitió una *Orden* para que las partes culminaran el descubrimiento de prueba en 90 días.[4] A su vez, mediante otra *Orden* denegó la anotación de rebeldía presentada por el peticionario.[5] De igual forma, en la misma fecha, emitió una

---

[2] *Íd.*, págs. 31-32.
[3] *Íd.*, págs. 33-36. El TPI autorizó una prórroga solicitada por la señora Sharoline Chacón y la señora Lidina Chacón para contestar la demanda. Véase: Entrada Núm. 12 y 13 en *SUMAC.*
[4] *Íd.*, pág. 37.
[5] *Íd.*, pág. 38.

*Resolución y Orden*, solicitándole al peticionario que, en un término de 10 días, a partir del recibo de la Resolución y Orden, presentara el inventario de bienes y avalúo.[6]

En desacuerdo con dicha determinación, el señor Karlo Chacón presentó una moción donde alegó que entendía que para preparar el inventario de bienes era apropiado que concluyera el descubrimiento de prueba, porque no contaba con toda la información solicitada.[7] En respuesta, el foro primario ordenó que realizara el correspondiente descubrimiento de prueba.[8]

El 19 de octubre de 2022, el peticionario notificó que había enviado un pliego de interrogatorio y requerimiento de producción de documentos a la señora Sharoline Chacón y la señora Lidina Chacón.[9] A su vez, solicitó al TPI que expidiera unas órdenes dirigidas a las diferentes instituciones bancarias para que informaran si la causante tenía cuentas en estas instituciones. De igual forma, solicitó otra orden dirigida al Centro de Recaudaciones de Ingresos Municipales (CRIM), para que emitieran un estado de cuenta sobre la propiedad inmueble en controversia.[10] No obstante, el foro recurrido denegó la solicitud de orden.[11]

Así las cosas, el 26 de octubre, siendo notificada el 27, emitió una *Orden* concediéndole un término adicional de 10 días para que cumpla con la *Orden* emitida el 12 de septiembre de 2022.[12]

El 2 de noviembre de 2022, el señor Karlo Chacón, mediante escrito presentado al TPI, alegó que presentó un escrito el 15 de septiembre de 2022, en el cual sometió un inventario de bienes y avalúo parcial con la información que tiene en su poder.[13]

---

[6] *Íd.*, págs. 39-42.
[7] *Íd.*, págs. 43-54.
[8] *Íd.*, pág. 55.
[9] *Íd.*, págs. 57-60.
[10] *Íd.*, págs. 67-68.
[11] *Íd.*, pág. 69.
[12] *Íd.*, pág. 70. La *Orden* del 12 de septiembre de 2022 exponía que las partes debían culminar el descubrimiento de prueba en 90 días.
[13] *Íd.*, págs. 71-72.

Sin embargo, el 29 de noviembre de 2022, el foro recurrido emitió una *Orden*[14] mediante la cual dispuso:

LA PARTE DEMANDANTE NO HA PRESENTADO AVALÚO DE LOS BIENES NI PARCIAL NI FINAL, CONTRARIO A LAS ÓRDENES EMITIDAS POR ESTE TRIBUNAL. SE CONCEDE UN TÉRMINO IMPRORROGABLE DE 30 DÍAS PARA PRESENTAR AVALÚO DE LOS BIENES SUJETOS A PARTICIÓN. SE ADVIERTE QUE NO SE CONCEDERÁ PRÓRROGA ADICIONAL A ESTE PRIMER TÉRMINO Y SE IMPONDRÁN SANCIONES ECONÓMICAS DE $100 POR EL INCUMPLIMIENTO CON LA ORDEN EMITIDA. LUEGO DE EXPIRADO EL TÉRMINO DE 30 DÍAS SE CONCEDERÁ AUTOMÁTICAMENTE UN TÉRMINO ADICIONAL DE 15 DÍAS PARA QUE LA PARTE DEMANDANTE CUMPLA CON LAS ÓRDENES DEL TRIBUNAL. SE ADVIERTE QUE DE NO CUMPLIR NUEVAMENTE CON ESTE SEGUNDO TÉRMINO EL TRIBUNAL PROCEDERÁ A DESESTIMAR LA DEMANDA. EL TRIBUNAL NO CONCEDERÁ PRÓRROGAS ADICIONALES DE ESTE SEGUNDO TÉRMINO. [...]

Inconforme con lo resuelto por el foro recurrido, el peticionario compareció ante este tribunal alegando que:

Erró el TPI al ordenar la presentación de un avalúo parcial o final so pena la desestimación de la causa de acción, siendo la misma prematura en la etapa de los procedimientos d[e] descubrimiento de prueba.

Erró el TPI al solicitar la presentación de un avalúo parcial o final, sin que haya concluido el descubrimiento de prueba, en especial cuando concedió una prórroga de 25 [días] adicionales para la contestación del pliego de interrogatorios el 29 de noviembre de 2022.

**II**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el

---

[14] *Íd.*, págs. 77-78.

*certiorari*. Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario*, supra, pág. 729; *IG Builders, et al v. BBVAPR*, supra, pág. 338*; Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por su parte, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece en qué circunstancias este Tribunal podrá expedir un auto de certiorari en el ámbito civil. El recurso de certiorari para revisar resoluciones u órdenes interlocutorias "solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo". *Íd.* Además de esto, a modo de excepción, podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en

casos de relaciones de familia, en casos que revistan de interés público o en cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

**B.**

La Regla 23.1 de Procedimiento Civil dispone lo relacionado al del descubrimiento de prueba. 33 LPRA Ap. V, R. 23.1. En lo pertinente, la regla señala lo siguiente:

> [l]as partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. *Íd.*

El descubrimiento de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos". *McNeil Healthcare, LLC v. Municipio de Las Piedras,* 206 DPR 659, 672 (2021), citando a Rivera García, *Diccionario de términos jurídicos*, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70.

El alcance del descubrimiento de prueba debe ser uno amplio y liberal, de manera que se logren soluciones justas, rápidas y económicas a las controversias existentes entre las partes. *Cruz Flores v. Hospital Ryder Memorial,* 2022 TSPR 112; *Berríos Falcón, et al. v. Torres Merced,* 175 DPR 962, 971 (2009); *Rodríguez Rosa v. Syntex,* 160 DPR 364, 394 (2003); *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 152 (2000). Esto debido a que, utilizando de manera adecuada este mecanismo, se aceleran los procedimientos, las

transacciones y, se evitan sorpresas indeseables durante la celebración del juicio. *McNeil Healthcare, LLC v. Municipio de Las Piedras,* supra, pág. 673.

No obstante, nuestro ordenamiento establece dos restricciones a dicho mecanismo: (1) que la información objeto del descubrimiento no sea privilegiada y (2) que la misma sea pertinente al asunto o controversia. *Cruz Flores v. Hospital Ryder Memorial,* supra; *McNeil Healthcare, LLC v. Municipio de Las Piedras,* supra; *Rivera y Otros v. Bco. Popular,* supra. En relación con el concepto de pertinencia, éste es mucho más amplio que el empleado en el área del derecho probatorio para la admisibilidad de la prueba. *Alvarado v. Alemañy,* 157 DPR 672, 683 (2002); *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001); *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716, 731 (1994). Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de que tenga relación con el asunto en controversia. *Alvarado v. Alemañy,* supra; *Medina v. M.S. & D. Química P.R., Inc.,* supra. En virtud de lo anterior, "el descubrimiento de prueba permite, inclusive, la entrega de materia que sería inadmisible en el juicio, si ésta conduce a prueba admisible". *McNeil Healthcare, LLC v. Municipio de Las Piedras,* supra; *Alvarado v. Alemañy,* supra; *García Rivera et al. v. Enríquez,* supra; Regla 23.1 de Procedimiento Civil, *supra.*

Por lo tanto, para que una materia pueda ser objeto de descubrimiento basta con que exista una posibilidad razonable de relación con el asunto en controversia. *ELA v. Casta,* 162 DPR 1, 13 (2004); *Alvarado v. Alemañy,* supra. El tratadista, Cuevas Segarra, ha expresado que "[e]l descubrimiento es punto de arranque en la investigación y lo descubierto sirve de base para descubrimiento adicional, según surja de lo descubierto de primera intención. Por esa razón, un solo interrogatorio es muy rara vez suficiente, pues lo

descubierto abre las puertas a preguntas adicionales...". José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo I, Ed.2000, pág. 501.

**III**

El señor Karlo Chacón alega que el TPI erró al ordenar el inventario y avalúo de los bienes, sin que hubiese concluido el descubrimiento de prueba, so pena de desestimar la demanda. El peticionario aduce que, para poder preparar un inventario de bienes apropiado, se debe realizar una vez concluya el descubrimiento de prueba, puesto que, desconoce la mayoría de la información solicitada.

Luego de examinar el recurso, conforme los parámetros establecidos en la Regla 52.1 de Procedimiento Civil para su expedición y los criterios de la Regla 40 del Reglamento de este Tribunal, debemos intervenir con la decisión del TPI, para evitar un fracaso irremediable de la justicia.

El Tribunal Supremo de Puerto Rico en varias ocasiones se ha expresado sobre la importancia que tiene el mecanismo del descubrimiento de prueba. Este tiene como propósito permitirles a las partes obtener documentos o información que están en poder del demandado u otros que son de su exclusivo conocimiento y que son necesarias para que aflore la verdad y se eviten sorpresas. A su vez que, permite se aceleren los procedimientos y solucionen controversias.

En el caso de autos, el peticionario ha sostenido que no tiene acceso a toda la información solicitada por el TPI, e incluso ha presentado mociones para que se emitan órdenes a distintas instituciones financieras y al CRIM, para poder cumplir con lo pedido, buscando evitar que el foro primario desestime la demanda. Incluso presentó que le fue remitido un interrogatorio y un

requerimiento de producción de documentos a las codemandadas, demostrando su interés y diligencia en el pleito.

De lo anterior es claro que el peticionario ha demostrado la necesidad de obtener la asistencia del foro apelado a través de la emisión de órdenes que le asistan en la búsqueda del patrimonio de la comunidad. Las órdenes solicitadas oportunamente permitirían obtener información pertinente para cumplir con la orden judicial en la preparación de un proyecto de inventario y avalúo de los bienes. Tomando en consideración la ausencia de cooperación entre las partes y la diligencia que el peticionario ha demostrado, consideramos necesario expedir el recurso para ordenar al foro recurrido emitir las órdenes solicitadas antes de conceder un término para la presentación del inventario y avalúo de los bienes. Es esencial completar el descubrimiento de prueba para obtener la información completa. Es mediante este mecanismo que se le permitirá a la parte completar el inventario y avalúo de los bienes, puesto que, permite precisar con exactitud las cuestiones en controversia, y descubrir la prueba necesaria para aclarar los hechos que se intentan probar.

Por lo tanto, el foro primario deberá brindar la oportunidad a la parte a que se complete el proceso del descubrimiento de prueba, para así evitar un fracaso a la justicia.

**IV.**

Por los fundamentos antes expuestos, se expide el recurso de *certiorari* y se revoca la *Orden* recurrida, ordenando al foro primario expedir aquellas órdenes pertinentes para completar el descubrimiento de prueba.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones